**THE M/V ALBACORA and Opak Foods, Inc., Appellants,**

v.

**Sidney S. RAWLINS, Appellee.**

**No. 17255.**

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1959.

Woodrow De Castro, Balboa, Canal Zone, De Castro & Robles, Balboa, Canal Zone, of counsel, for respondents-appellants.

Roy V. Phillipps, P. L. S. Carrington, Balboa, Canal Zone, for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This is a suit in admiralty filed on Januray 7, 1957, in rem and in personam, by Sidney S. Rawlins against the M/V Albacora and Opak Foods, Inc., her owners at the time of the suit, for wages for services allegedly performed as mate on board the said vessel from April 11, 1956, to December 26, 1956, at the allegedly agreed rate of $400 monthly, plus $160 severance pay provided by the law of the flag of the ship, the Republic of Panama, less the sum of $349 received on account, or a total of $3,210.43. The vessel was attached pursuant to process, and later sold by order of the Court.

Respondents filed their answer on February 7, 1957, containing, besides denials of the material allegations of the libel affirmative defenses, the first of which alleged in substance that libelant's claim had been compromised prior to suit and that the said settlement agreement, attached as Exhibit "A",[1] had been sub-

1. Exhibit "A"—

"Ancon, Canal Zone
"Dec. 28, 1956
"Sidney S. Rawlins hereby represents, in order to induce Opak Foods, Inc. to enter into this agreement, that he was requested by Alexander D. Van Beyer to perform certain services on the S/S Albercora; that he was to be paid by Mr. Van Beyer the sum of $400.00 for

stituted for any claim which libelant may have had prior thereto.

Libelant, on Feb. 21, 1957, filed exceptions to Respondents' answer, and specifically to the Articles constituting Respondents' First Affirmative Defense, on the ground that the said compromise agreement was prohibited by Article 70 of the Constitution of the Republic of Panama, the law of the flag of the vessel, the text of which Article was set forth by libelant as translated from Spanish into English as follows:

"Article 70. All stipulations which imply a waiver, reduction, modification or release of any right granted in favor of the workman are void and, as such, do not bind the contracting parties even though they may be expressed in a labor agreement or in any other agreement. The law shall regulate all matters relating to labor contracts."

The Court, on April 18, 1957, sustained libelant's exception to Respondents' First Affirmative Defense, while of libelant's exception to other affirmative defenses, some were overruled and some sustained, and the case was ordered continued for further orders.

On Dec. 31, 1957, respondents filed an Amendment to Answer, which did not affect the First Affirmative Defense hereinbefore mentioned.

Thereafter, on Feb. 4, 1958, libelant moved for judgment on the pleadings. Alleging: that respondents as their first affirmative and complete defense to the allegations set forth by the libel, had pleaded and presented the document marked Exhibit "A", note 1, *supra,* reciting that libelant had performed services on the Albacora from April 11, 1956, until Dec. 28, 1956, and that in consideration for his said services, respondents promised to pay to libelant the sum of $2,880.36, not later than October 1, 1957, or upon the sale of the said Albacora privately, whichever event happened first; libelant prayed for judgment against respondents and in favor of libelant for the said sum of $2,880.36.

The district judge, concluding that the motion for judgment on the pleadings was well taken, granted it, entered judgment for $2,880.36, with interest from its date, March 25, 1958, to be satisfied out of proceeds of the sale of the Albacora, and respondents have appealed. They are here presenting one ground for reversal: that by the order sustaining exceptions to the libel, the court has in effect stricken from the pleadings the First Affirmative Defense, including the Settlement Agreement attached as Exhibit "A", and as a result, respondents' admission in the pleadings, that the sum stated was due libelant, had disappeared from the case; and that when, basing his judgment on these admissions, the court gave judgment on the pleadings in accordance therewith, there was no such pleading extant and therefore no basis for the judgment.

We do not agree. We do not think the appellants may complain of the order entered in accord with the admissions in their pleadings and in no manner inconsistent therewith. This is so whether, as the district judge stated in his "Ruling on Motion for Judgment on the Pleadings and Judgment", the effect of sustaining the exception was merely to hold that as to sums in excess of the amount admit-

---

work for said services and that he performed these services from April 11, 1956, until Dec. 28, 1956. That these services included his position as mate on the S/S Albercora.

"In consideration for his services as a member of the crew of the S/S Albercora, which vessel is the property of the Opak Foods, Inc., a corporation, Opak Foods, Inc., hereby promises to pay to Sidney S. Rawlins the sum of $2880.36, not later than Oct. 1, 1957, or upon the sale of the S/S Albercora privately, whichever event happens first. Mr. Rawlins acknowledges receipt of the sum of $325.00 as an advance and credit in favor of Opak Foods, Inc., and the further sum of $ * * * to defray the cost of his transportation to Cartagena, Colombia, the port of his hire.

        "Opak Foods, Inc.

   "Bt. /S/   Martin Evans

        "Its Attorney-in-Fact

    "/S/   Sidney S. Rawlins."

ted to be due, it was not a good defense and not to strike from the answer the admissions themselves, or whether, since the order on the exception was interlocutory and entirely within the control of and subject to change, it should be regarded, as, to the extent required, changed by the court.

In this proceeding for wages due, in which a seaman is particularly a ward of admiralty, it would, we think be against the truth and right of the case to hold that appellants' attack is of sufficient substance to justify a reversal of the judgment. Based, as the judgment was, upon the solemn admissions in respondents' pleadings that the amount adjudged was due here and libelant's equally solemn acceptance of that sum in full satisfaction of his claim, to reverse it for the reasons assigned by appellants would be, by a sticking in the bark, to exalt form over substance. Cf. Dyke v. Massett, 5 Cir., 187 F.2d 895.

The judgment was right and is affirmed.